IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT, | No. C 12-4353 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| SANTA CLARA DEPARTMENT OF JUSTICE, | |
| Defendant. / | |

## INTRODUCTION

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a pretrial detainee at the Santa Clara County Jail. He has been granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is **DISMISSED** with leave to amend.

## DISCUSSION

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff makes a variety of allegations in his complaint. He claims that one jail official verbally harassed, "belittled" and threatened him, that another officer punished him without notification and retaliated against him for filing an administrative grievance, and that other officials have violated the jail's administrative grievance process.

The allegations of verbal harassments and threats do not state a cognizable claim under 2 U.S.C. 1983. *See Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981) (verbal harassment and abuse not cognizable claim under 42 U.S.C. § 1983); *Gaut v. Sunn,* 810 F.2d 923, 925 (9th Cir. 1987) (allegations of mere threats also are not cognizable under § 1983. See mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). Similarly, the allegations that the jail's administrative grievance procedures were not followed properly do not state a

2

cognizable claim for the violation of plaintiff's constitutional rights or of federal law because there is no constitutional right to a grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff's allegations that he was punished without notice and that he was retaliated against for filing an administrative grievance could conceivably state cognizable claims for relief, but a number of deficiencies need to be cured before such claims are "plausible" under *Twombly*. First, the only defendant plaintiff names is a county agency. Simply naming the county as a defendant does not suffice because a county is not liable for the acts of its employees. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978) (no respondeat superior liability under Section 1983). To state a claim against the county, plaintiff would have to allege facts that show that the county's official policy or custom caused the violations of which he complains. *See ibid.* To state claims against the officials who allegedly punished him without notice and retaliated against him, he must name those individuals.

Second, to state a cognizable claim for retaliation, plaintiff must allege: what adverse action the official took against him; that the adverse action was taken because of plaintiff's filing of an administrative grievance; that the adverse action "chilled" plaintiff's further exercising his First Amendment rights; and that the adverse action did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff has not sufficiently alleged these things in his complaint. Lastly, to state a cognizable claim for the violation of his constitutional right to due process in connection with the punishment he received, plaintiff must allege the extent of the punishment he received and what procedural protections he received (if any). *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995). Plaintiff has not alleged these things in his complaint either.

Plaintiff will be given leave to amend to cure the deficiencies noted above in his claims of retaliation and of being punished without notice.

**CONCLUSION**

For the foregoing reasons,

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty

days from the date of this order. The amended complaint must include the caption and civil case number used in this order (No. C 12-4353 WHA (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case</u>.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October  25  , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

N:\BENNETT4353.LTA.wpd

4