IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT, | No. C 12-4353 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS; SERGEANT JOHN PORRIA; THE UNITED STATES OF AMERICA, | |
| Defendant. / | |

### INTRODUCTION

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a pretrial detainee at the Santa Clara County Jail. The complaint was dismissed for failure to state a cognizable claim for relief. The deficiencies in plaintiff's claims were explained to him, and plaintiff was granted leave to file an amended complaint. He filed an amended complaint that does not address, let alone, cure the deficiencies in his claims. Consequently, the case is **DISMISSED**.

### DISCUSSION

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. LEGAL CLAIMS

In his original complaint, Plaintiff made a variety of allegations. Two sets of allegations — that he was punished without notice and that he was retaliated against for filing an administrative grievance — were found to conceivably state cognizable claims for relief. It was explained to plaintiff, however, that in order to do so he would have to make a variety of additional allegations. First, he would have to either allege how the county defendant's official policy or custom caused the violations of which he complains, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978) (no respondeat superior liability under Section 1983), name as defendants any individuals responsible for such violations. He has not alleged any official policy or custom, has not alleged how such policy or custom caused the violation of his rights,

and has not identified any individuals responsible for such violations.  Indeed, he has eliminated all of the original defendants from his complaint and replaced them with one new defendant, the United States of America despite making no allegations of any conduct by the federal government, and his status as a county jail inmate under state criminal charges.

In addition, he has not alleged any of the elements of a proper retaliation claim, which were identified for him, *see Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted), nor did he allege the extent of the punishment he received and what procedural protections he received in connection with his due process and ADA claims, which he is required to do, *see Sandin v. Conner*, 515 U.S. 472, 477-87 (1995).  As the deficiencies in his claims were identified and he did not address or cure them when given the opportunity to do so, further leave to amend would be futile.  Accordingly, these claims will be dismissed without further leave to amend.

Plaintiff also makes new allegations in his amended complaint.  His general allegation of "medical malpractice," besides being vague and unsupported by factual allegations, implicates only state law.  His claims that he is entitled to earlier release because he has passed his "maximum parole period[]" and is incompetent to stand trial, but these claims must be brought in a petition for a writ of habeas corpus, not in a civil rights complaint.  *See Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (habeas is the exclusive remedy for the prisoner who seeks immediate or speedier release from confinement); *Hill v. McDonough*, 547 U.S. 573, 579 (2006).  In short, his new allegations also do not state a cognizable claim for relief.

## CONCLUSION

For the foregoing reasons, this case is **DISMISSED** because the amended complaint fails to state a cognizable claim for relief.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December   20  , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\BENNETT4353.DSM.wpd

3